IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00179 LEK-03 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| STEPHEN BALINO (03), | ) | |
| Defendant. | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR ORDER
FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE, AND
<u>EXTENDING TIME IN WHICH TO RESPOND TO SECTION 2255 MOTION</u>**

On April 29, 2013, pro se Defendant Stephen Balino ("Balino") filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). [Dkt. no. 389.] In his § 2255 Motion, Balino makes various claims of ineffective assistance of counsel.

Because Balino's § 2255 Motion makes a claim of ineffective assistance of counsel, Plaintiff the United States of America ("the Government") subsequently filed a Motion for Order Finding Waiver of Attorney-Client Privilege, and Extending Time in which to Respond to Section 2255 Motion on May 10, 2013 ("Government's Motion"). [Dkt. no. 392.]

On May 13, 2013, the Court issued a briefing schedule under which Balino's response to the Government's Motion was due on June 3, 2013, and the Government's reply was due on or before June 13, 2013. [Dkt. no. 392.] In the briefing schedule order,

the Court warned Balino that, if he did not file a response by June 3, 2013, the Government's Motion would be deemed unopposed. Balino has not filed a response; the Court therefore DEEMS the Government's Motion unopposed.

      The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. After careful consideration of the Government's Motion and the relevant legal authority, the Government's Motion is HEREBY GRANTED for the reasons set forth below.

## DISCUSSION

### I. Government's Motion

      In Balino's § 2255 Motion, Balino claims that he received ineffective assistance of counsel from his former counsel, Gary Singh, Esq. Balino's § 2255 Motion alleges that Mr. Singh was ineffective because Mr. Singh: ignored the fact that Balino was never read his rights; failed to secure Balino's release in a timely manner after arraignment; failed to inform Balino in a timely manner that the case file and discovery indicated that a person with whom Balino remained in contact after his arrest was a government informant; failed to discuss the case in depth with Balino until shortly before trial; pressured Balino to plead guilty; failed to challenge various factual allegations at trial; failed to retain an expert witness

to testify that someone forged Balino's signature on certain relevant documents; failed to adequately support the request to sever Balino's case from his co-defendants'; failed to review in a timely manner discovery critical to the defense; asked improper open-ended questions of government witnesses at trial; arrived late or failed to arrive at all for the majority of his meetings with Balino; failed to familiarize himself with relevant aspects of the mortgage industry; spoke incoherently at trial; failed to raise sufficient objections at trial; failed to argue at trial that the Government did not prove the allegations in the indictment; confused the jury during closing argument by using a co-defendant's name instead of Balino's name; failed to advise Balino prior to sentencing that, if Balino made a statement to the Court, it could result in a lighter sentence; failed to raise sufficient arguments in support of the suggested sentence of six months' imprisonment; pressured Balino to sign a waiver of his right to appeal; and failed to file an appeal after Balino expressly instructed him to do so.

In Bittaker v. Woodford, the Ninth Circuit noted that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." 331 F.3d 715, 716 (9th Cir. 2003) (citations omitted). The Court FINDS

that, in making and pursuing his claims of ineffective assistance of counsel in his § 2255 Motion, Balino has waived the attorney-client privilege that might otherwise apply to the communications between Balino and Mr. Singh as to the issues raised in Balino's § 2255 Motion, as well as to the communications between Balino and Mr. Singh that are reasonably related to such claims.

Accordingly, the Court FINDS that, in order to investigate the ineffective assistance of counsel claims made by Balino in his § 2255 Motion (and to reply to such claims), the Government is entitled to inquire into certain communications between Balino and Mr. Singh, which communications would otherwise be protected by the attorney-client privilege. Consequently, Mr. Singh is authorized to provide information to the Government about such attorney-client communications between Balino and Mr. Singh, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claims made in Balino's § 2255 Motion.

## II. Briefing Schedule for § 2255 Motion

In light of the foregoing, the Court also GRANTS the Government's request to extend the deadline to file its response to the § 2255 Motion. The Government's response to Balino's § 2255 Motion is now due on **July 16, 2013**. Balino's reply is due on or before **August 16, 2013**.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Government's Motion for Order Finding Waiver of Attorney-Client Privilege, and Extending Time in which to Respond to Section 2255 Motion, filed May 10, 2013. The Court further ORDERS the Government to file its response to Balino's § 2255 Motion on or before **July 16, 2013**. Balino's reply is due on or before **August 16, 2013**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 14, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA V. STEPHEN BALINO; CR. NO. 09-00179 LEK 03; ORDER GRANTING THE GOVERNMENT'S MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE, AND EXTENDING TIME IN WHICH TO RESPOND TO SECTION 2255 MOTION**